

FILED
RICHARD W. NAGEL
CLERK OF COURT

2017 DEC 14  AM 11: 23

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

      **Plaintiff,**

      v.

**JOSE MARTIN NEFTALI AGUILAR-RIVERA (1)**
    a/k/a Evaristo Perez
    a/k/a Momia
    a/k/a Pelon

**PEDRO ALFONSO OSORIO-FLORES (2)**
    a/k/a Smokey

**JUAN JOSE JIMENEZ-MONTUFAR (3)**
    a/k/a Chele Trece

**ISAIAS ALVARADO (4)**
    a/k/a Cabo

**CRUZ ALBERTO-ARBARNGAS (5)**
    a/k/a Cruz Alvarenga-Alberto
    a/k/a Cruz Octaviano Alberto-Alvarenga
    a/k/a Cruzito

**JOSE MANUEL ROMERO-PARADA (6)**
    a/k/a Russo

**JOSE SALINAS-ENRIQUEZ (7)**
    a/k/a Martillo

**JORGE CAZARES (8)**
    a/k/a Veneno

**JOSE RAMIRO APARICIO-OLIVARES (9)**
    a/k/a Flaco

**CASE NO. 2:17-CR-164**

**CHIEF JUDGE SARGUS**

<u>**SUPERSEDING INDICTMENT**</u>

8 U.S.C. § 1326(a)
18 U.S.C. § 2
18 U.S.C. § 922(g)(5)(A)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(c)(1)(A)(ii)
18 U.S.C. § 1512(c)(2)
18 U.S.C. § 1951(a)
18 U.S.C. § 1951(b)(2)
18 U.S.C. § 1956(a)(1)(A)(i)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(h)
18 U.S.C. § 2232(a)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 846
**FORFEITURE**

1

**NELSON ALEXANDER FLORES (10)**
a/k/a **Mula**

**JOSE DANIEL GONZALEZ-CAMPOS (11)**
a/k/a **Flaco**

**DANIEL ALEXANDER DIAZ-ROMERO (12)**
a/k/a **Manchas**

**DENIS DONALDO FUENTES-AVILA (13)**

**CAROLINA GARCIA-MIRANDA (14)**
a/k/a **Mamayema,**

**Defendants.**

**THE GRAND JURY CHARGES:**

## INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.    La Mara Salvatrucha, commonly known as MS-13, is a multi-national criminal organization composed primarily of immigrants or descendants of immigrants from El Salvador, Guatemala, and Honduras.  Though estimates vary, MS-13 is believed to have 30,000 – 60,000 members around the world.  The organization's leadership is based in El Salvador, where many of the gang's high-ranking members are imprisoned.

2.    The name "Mara Salvatrucha" is a combination of several slang terms.  "Mara" is the El Salvadoran word for "gang."  The phrase "Salvatrucha" is a combination of two words: "Salva" is an abbreviation for "Salvadoran," and "trucha" is a slang word for "fear us," "look out," or "heads up."

3.    MS-13 originated in the United States when El Salvadoran immigrants fled to this county to escape civil war in the 1980s.  When these immigrants settled in Southern California,

they formed MS-13, which is loosely affiliated with the Mexican Mafia, as a way to protect themselves from other street gangs in the Los Angeles area. MS-13 developed into a dangerous criminal organization that spread to other areas of the United States. A large-scale deportation effort resulted in many MS-13 members and associates being sent back to El Salvador, where the gang grew in size and strength. Thousands of individuals with ties to MS-13 have since entered the United States. (When used in this Indictment, the term "associate" can refer to individuals who associate with MS-13 by engaging in criminal activity or to prospective members of MS-13.)

4.     In 2012, the United States government designated MS-13 as a "transnational criminal organization." It is the first and only street gang to receive that designation. MS-13 has become one of the largest criminal organizations in the United States, with more than 10,000 members and associates operating in at least 40 states, including Ohio. MS-13's presence continues to grow in the Southern District of Ohio and around the country, in light of the organization's active recruitment efforts – which often target juveniles from El Salvador and other Latin American nations – and the regular flow of new, potential members from other states and foreign countries.

5.     In Ohio and elsewhere in the United States, MS-13 is organized into "cliques," which are smaller groups of MS-13 members and associates acting under the larger mantle of the organization and operating in a specific region, city, or part of a city. In order to organize and coordinate the many cliques comprising thousands of members located across the United States, MS-13 leadership in El Salvador has grouped the organization into regional "programs." This structure helps the gang run its operations. Specifically, organizing the various MS-13 cliques into programs facilitates the process of transmitting orders from leadership in El Salvador to cliques in the United States and sending money from cliques in the United States to leadership in El Salvador.

MS-13 cliques work both independently and collectively, and generally operate under the umbrella rules of MS-13 leadership in El Salvador. The Columbus, Ohio clique of MS-13 is part of the East Coast Program.

6. MS-13 cliques meet to discuss, plan, and report on various topics, such as organizational and membership issues, disciplinary problems, recent and future acts of violence and other criminal activity, "green lights" (orders to kill particular individuals), law enforcement activity directed at MS-13 members and associates, and individuals suspected of cooperating with law enforcement. During clique meetings, individual gang members and associates are expected to pay dues to support the organization.

7. In addition to the regular payment of dues, MS-13 cliques raise money through various forms of criminal activity, including extortion and narcotics trafficking. Many of the funds that each clique generates are sent, usually by wire transfer and often through intermediaries, to MS-13 members and associates in El Salvador. Gang leaders use this money to purchase items used to engage in criminal activity (weapons, cell phones, and the like); to provide food, clothing, legal assistance, and other forms of aid to MS-13 members who are incarcerated or have been deported; and to support the families of MS-13 members who have been killed. MS-13 cliques also use the money they generate to purchase firearms or drugs for the clique and to support gang members and associates imprisoned in the United States.

8. MS-13 members have been known to signify their gang membership by getting tattoos. Such tattoos can be words or slogans – such as "Mara Salvatrucha," "MS," "MS-13," or "Laugh Now, Cry Later" – or symbols like the "devil's horns." MS-13 colors generally are blue and white. MS-13 members and associates are not allowed to wear the color red, because red is the color of MS-13's chief rival, the 18th Street gang. MS-13 members sometimes mark their

territory through the use of graffiti, though this is becoming less common because of the law enforcement attention it attracts. MS-13 members and associates refer to one another by their gang nicknames. In many instances, they do not know the real names of other gang members and associates. Some MS-13 members and associates are known by more than one nickname.

9. Violence is a central tenet of MS-13. The organization's motto, "mata, viola, controla," means "kill, rape, control." MS-13 members are expected to promote and protect the organization's reputation and status by any means necessary, such as by committing acts of intimidation and violence, up to and including murder. Targets of violence include rival gang members, MS-13 members and associates who do not comply with the organization's rules, individuals who show disrespect to the gang or are otherwise perceived as a threat, and those suspected of cooperating with law enforcement. Historically, MS-13 members and associates have committed murders and other violent acts using machetes, knives, and similar bladed weapons in order to intimidate and instill fear in others.

10. MS-13 members and associates in Ohio and elsewhere engage in a wide range of criminal activity, including, but not limited to, racketeering, murder, attempted murder, robbery, extortion, money laundering, drug trafficking, assault, obstruction of justice, witness intimidation, weapons offenses, and immigration-related violations. MS-13 members are expected to commit such acts to maintain membership and discipline within the organization. Participation in violence and other criminal activity increases the level of respect accorded to a member or associate, resulting in that person maintaining or increasing his position in the organization. MS-13 also enforces its authority and promotes discipline by committing or threatening to commit violence, or otherwise punishing, members and associates who do not comply with the organization's rules.

5

11.    MS-13 members and associates communicate about their criminal activities with other MS-13 members and associates elsewhere in the United States, in El Salvador, and internationally using cellular telephones, the Internet, and other modes of communication. MS-13 members and associates also use national and transnational money wire transfers to conduct and promote the activities of the criminal organization.

## COUNT ONE
### (Conspiracy to Commit Extortion)

12.    Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

13.    From in or about January 2010 through the date of this Indictment, the exact dates being unknown, in the Southern District of Ohio and elsewhere, Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JOSE SALINAS-ENRIQUEZ, a/k/a Martillo, JORGE CAZARES, a/k/a Veneno, JOSE RAMIRO APARICIO-OLIVARES, a/k/a Flaco, NELSON ALEXANDER FLORES, a/k/a Mula, JOSE DANIEL GONZALEZ-CAMPOS, a/k/a Flaco, and DANIEL ALEXANDER DIAZ-ROMERO, a/k/a Manchas,** did unlawfully combine, conspire, and agree with each other and with others, both known and unknown to the grand jury, to obstruct, delay, and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants conspired to obtain the property of others, with their consent induced by the wrongful use of actual or threatened force, violence, or fear.

### Manner and Means of the Conspiracy

14.     It was part of the conspiracy that Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JOSE SALINAS-ENRIQUEZ, a/k/a Martillo, JORGE CAZARES, a/k/a Veneno, JOSE RAMIRO APARICIO-OLIVARES, a/k/a Flaco, NELSON ALEXANDER FLORES, a/k/a Mula, JOSE DANIEL GONZALEZ-CAMPOS, a/k/a Flaco, DANIEL ALEXANDER DIAZ-ROMERO, a/k/a Manchas,** and their co-conspirators used actual or threatened force, violence, or fear to intimidate their victims and compel those victims to pay money to the defendants and their co-conspirators in order to promote and facilitate the activities of MS-13.

15.     It was further part of the conspiracy that Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JOSE SALINAS-ENRIQUEZ, a/k/a Martillo, JORGE CAZARES, a/k/a Veneno, JOSE RAMIRO APARICIO-OLIVARES, a/k/a Flaco, NELSON ALEXANDER FLORES, a/k/a Mula, JOSE DANIEL GONZALEZ-CAMPOS, a/k/a Flaco, DANIEL ALEXANDER DIAZ-ROMERO, a/k/a Manchas,** and their co-conspirators used national and international wire transfers involving financial institutions such as MoneyGram, Sigue, and Western Union to transmit extortion proceeds between the Southern

District of Ohio, El Salvador, and elsewhere in order to promote and facilitate the activities of MS-13.

16. It was further part of the conspiracy that Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JOSE SALINAS-ENRIQUEZ, a/k/a Martillo, JORGE CAZARES, a/k/a Veneno, JOSE RAMIRO APARICIO-OLIVARES, a/k/a Flaco, NELSON ALEXANDER FLORES, a/k/a Mula, JOSE DANIEL GONZALEZ-CAMPOS, a/k/a Flaco, DANIEL ALEXANDER DIAZ-ROMERO, a/k/a Manchas,** and their co-conspirators used actual or threatened force, violence, or fear to intimidate their victims and compel those victims to use national and international wire transfers involving financial institutions such as MoneyGram, Sigue, and Western Union to transmit extortion proceeds between the Southern District of Ohio, El Salvador, and elsewhere in order to promote and facilitate the activities of MS-13.

17. It was further part of the conspiracy that Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JOSE SALINAS-ENRIQUEZ, a/k/a Martillo, JORGE CAZARES, a/k/a Veneno, JOSE RAMIRO APARICIO-OLIVARES, a/k/a Flaco, NELSON ALEXANDER FLORES, a/k/a Mula, JOSE DANIEL GONZALEZ-CAMPOS, a/k/a Flaco, DANIEL ALEXANDER DIAZ-ROMERO, a/k/a Manchas,** and their co-

conspirators, while present in the United States, El Salvador, or elsewhere, used telephones to contact their victims, make extortion demands, and provide instructions regarding how, when, and to whom victims were to transmit extortion proceeds.

All in violation of 18 U.S.C. §§ 1951(a) and 1951(b)(2) and 18 U.S.C. § 2.

### COUNT TWO
**(Using or Carrying a Firearm During and in Relation to a Crime of Violence)**

18.     Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

19.     In or about January 2015, the exact date being unknown, in the Southern District of Ohio, Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, and CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito**, did knowingly use, carry, and brandish a firearm, that is, a handgun, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, interference with commerce by extortion, in violation of 18 U.S.C. §§ 1951(a) and 1951(b)(2), as alleged in Count One of this Indictment.

All in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

### COUNT THREE
**(Conspiracy to Commit Money Laundering)**

20.     Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

21.     From in or about January 2010 through the date of this Indictment, the exact dates being unknown, in the Southern District of Ohio and elsewhere, Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-**

**FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JORGE CAZARES, a/k/a Veneno, NELSON ALEXANDER FLORES, a/k/a Mula, and CAROLINA GARCIA-MIRANDA, a/k/a Mamayema,** did knowingly combine, conspire, and agree with each other and with others, both known and unknown to the grand jury, to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit:

      a.     To knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is interference with commerce by extortion, as set forth in 18 U.S.C. §§ 1951(a) and 1951(b)(2), and trafficking of controlled substances, as set forth in 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

      b.     To knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is interference with commerce by extortion, as set forth in 18 U.S.C. §§ 1951(a) and 1951(b)(2), and trafficking of controlled substances, as set forth in 21 U.S.C. §§ 841 and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, or control of the proceeds of said specified unlawful activity, and that while conducting or attempting to conduct such financial transaction, knew that the property involved in the financial transaction

represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### Objects of the Conspiracy

22. The principal object of the conspiracy between Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JORGE CAZARES, a/k/a Veneno, NELSON ALEXANDER FLORES, a/k/a Mula, CAROLINA GARCIA-MIRANDA, a/k/a Mamayema,** and their co-conspirators was to provide financial support to MS-13 members and associates in El Salvador, the United States, and elsewhere.

23. One of the objects of the conspiracy between Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JORGE CAZARES, a/k/a Veneno, NELSON ALEXANDER FLORES, a/k/a Mula, CAROLINA GARCIA-MIRANDA, a/k/a Mamayema,** and their co-conspirators was to promote the carrying on of specified unlawful activity, including interference with commerce by extortion and trafficking of controlled substances.

24. One of the objects of the conspiracy between Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE**

**MANUEL ROMERO-PARADA, a/k/a Russo, JORGE CAZARES, a/k/a Veneno, NELSON ALEXANDER FLORES, a/k/a Mula, CAROLINA GARCIA-MIRANDA, a/k/a Mamayema,** and their co-conspirators was to conceal and disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, that is interference with commerce by extortion and trafficking of controlled substances.

### Manner and Means of the Conspiracy

25. The manner and means used to accomplish the objectives of the conspiracy included, but were not limited to, the following:

26. It was part of the conspiracy that Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JORGE CAZARES, a/k/a Veneno, NELSON ALEXANDER FLORES, a/k/a Mula, CAROLINA GARCIA-MIRANDA, a/k/a Mamayema,** and their co-conspirators used national and international wire transfers involving financial institutions such as MoneyGram, Sigue, and Western Union to facilitate the movement of extortion proceeds and drug trafficking proceeds between the Southern District of Ohio, El Salvador, and elsewhere, in order to conceal the nature and source of the proceeds and promote the activities of MS-13.

27. It was further part of the conspiracy that Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE**

MANUEL ROMERO-PARADA, a/k/a Russo, JORGE CAZARES, a/k/a Veneno, NELSON ALEXANDER FLORES, a/k/a Mula, CAROLINA GARCIA-MIRANDA, a/k/a Mamayema, and their co-conspirators used intermediaries, that is, people who had some direct or indirect connection to MS-13, to facilitate the movement of extortion proceeds and drug trafficking proceeds between the Southern District of Ohio, El Salvador, and elsewhere, in order to conceal the nature and source of the proceeds and promote the activities of MS-13.

28.    It was further part of the conspiracy that Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JORGE CAZARES, a/k/a Veneno, NELSON ALEXANDER FLORES, a/k/a Mula, CAROLINA GARCIA-MIRANDA, a/k/a Mamayema,** and their co-conspirators unlawfully obtained proceeds through extortion and drug trafficking to be used to, among other things, buy items that MS-13 uses to engage in criminal activity, such as cellular phones, narcotics, and firearms; provide financial support and information to MS-13 members, including those incarcerated in the United States and El Salvador, as well as those who have been deported; and aid families of deceased MS-13 members.

All in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 2.

## COUNT FOUR
### (Conspiracy to Possess with Intent to Distribute Controlled Substances)

29.    Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

30.    From in or about January 2010 through the date of this Indictment, the exact dates being unknown, in the Southern District of Ohio and elsewhere, Defendants **JOSE MARTIN**

13

**NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, DANIEL ALEXANDER DIAZ-ROMERO, a/k/a Manchas, and DENIS DONALDO FUENTES-AVILA,** did knowingly and unlawfully combine, conspire, and agree with each other and with others, both known and unknown to the grand jury, to possess with intent to distribute a substance containing a detectible amount of cocaine, a Schedule II controlled substance, and a substance containing a detectible amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

## COUNT FIVE
### (Alien in Possession of Ammunition)

31.     Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

32.     On or about August 15, 2017, in the Southern District of Ohio, Defendant **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon,** then being an alien illegally or unlawfully in the United States, did knowingly possess, in or affecting interstate commerce, the following ammunition:

- One round of .380 caliber "Tulammo 380 ACP" ammunition;

- One round of .380 caliber "R-P 380 Auto" ammunition;

- Eight rounds of 9mm "WIN 9mm Luger" ammunition; and

- Four rounds of .38 caliber "Federal 38 Special" ammunition.

All in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) and 18 U.S.C. § 2.

## COUNT SIX
### (Alien in Possession of Firearms and Ammunition)

33.　　Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

34.　　On or about August 15, 2017, in the Southern District of Ohio, Defendant **JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece,** then being an alien illegally or unlawfully in the United States, did knowingly possess, in or affecting interstate commerce, the following firearms and ammunition:

- One Browning Arms, Model 25, 6.35mm pistol, serial number 121498;
- One Kel-Tec, Model PF-9, 9mm pistol, serial number RVB81; and
- ·One Winchester, 12-guage shotgun, serial number 166220.

All in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) and 18 U.S.C. § 2.

## COUNT SEVEN
### (Possession with Intent to Distribute Controlled Substances)

35.　　Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

36.　　On or about August 15, 2017, in the Southern District of Ohio, Defendant **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon,** did knowingly and unlawfully possess with intent to distribute a substance containing a detectible amount of cocaine, a Schedule II controlled substance, and a substance containing a detectible amount of marijuana, a Schedule I controlled substance.

All in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT EIGHT
### (Obstruction of Justice)

37.     Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

38.     On or about August 26, 2017, in the Southern District of Ohio, Defendant **ISAIAS ALVARADO, a/k/a Cabo,** did corruptly attempt to obstruct, influence, and impede *United States v. Aguilar-Rivera, et al.* (Case No. 2:17-CR-164), an official proceeding, by directing another individual to dispose of evidence, specifically, a firearm.

All in violation of 18 U.S.C. § 1512(c)(2) and 18 U.S.C. § 2.

## COUNT NINE
### (Destruction or Removal of Property to Prevent Seizure)

39.     Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

40.     On or about August 26, 2017, in the Southern District of Ohio, Defendant **ISAIAS ALVARADO, a/k/a Cabo,** after the search and seizure of property by law enforcement officers from the Columbus Division of Police and the Federal Bureau of Investigation, persons authorized to make such search and seizure, did knowingly attempt to dispose of or transfer a firearm, for the purpose of preventing and impairing the Government's lawful authority to take said property into its custody and control.

All in violation of 18 U.S.C. § 2232(a) and 18 U.S.C. § 2.

## COUNT TEN
### (Illegal Re-Entry of a Removed Alien)

41.     Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

42.     On or about August 15, 2017, in the Southern District of Ohio, Defendant **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon**, an alien, knowingly and unlawfully entered and was found in the United States after having been removed, excluded, or deported therefrom on or about January 14, 2009, without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission to the United States prior to his return.

All in violation of 8 U.S.C. § 1326(a).


## COUNT ELEVEN
### (Illegal Re-Entry of a Removed Alien)

43.     Paragraphs 1–11 of the Introductory Allegations of this Superseding Indictment are re-alleged and incorporated here.

44.     On or about October 28, 2016, in the Southern District of Ohio, Defendant **CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito**, an alien, knowingly and unlawfully entered and was found in the United States after having been removed, excluded, or deported therefrom on or about July 24, 2012, without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission to the United States prior to his return.

All in violation of 8 U.S.C. § 1326(a).

## FORFEITURE ALLEGATION A

45.     The allegations contained in Count One of this Superseding Indictment charging conspiracy to commit extortion, in violation of 18 U.S.C. §§ 1951(a) and 1951(b)(2), are re-alleged and incorporated here by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

46.     Upon conviction of Count One of this Superseding Indictment, Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JOSE SALINAS-ENRIQUEZ, a/k/a Martillo, JORGE CAZARES, a/k/a Veneno, JOSE RAMIRO APARICIO-OLIVARES, a/k/a Flaco, NELSON ALEXANDER FLORES, a/k/a Mula, JOSE DANIEL GONZALEZ-CAMPOS, a/k/a Flaco, and DANIEL ALEXANDER DIAZ-ROMERO, a/k/a Manchas,** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

## FORFEITURE ALLEGATION B

47.     The allegations contained in Count One of this Superseding Indictment charging conspiracy to commit extortion, in violation of 18 U.S.C. §§ 1951(a) and 1951(b)(2), and Count Two of this Superseding Indictment charging using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), are re-alleged and incorporated here by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

48. Upon conviction of the offense alleged in Count One or Count Two of this Superseding Indictment, Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, and CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito,** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm and ammunition involved in or used in such violation.

## FORFEITURE ALLEGATION C

49. The allegations contained in Count Three of this Superseding Indictment charging conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), are re-alleged and incorporated here by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c).

50. Upon conviction of Count Three of this Superseding Indictment, Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, CRUZ ALBERTO-ARBARNGAS, a/k/a Cruzito, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, JORGE CAZARES, a/k/a Veneno, NELSON ALEXANDER FLORES, a/k/a Mula, and CAROLINA GARCIA-MIRANDA, a/k/a Mamayema,** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c), any property, real or personal, involved in such offense, and any property traceable to such property.

## FORFEITURE ALLEGATION D

51.     The allegations contained in Count Four of this Superseding Indictment charging conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, are re-alleged and incorporated here by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 21 U.S.C. § 853(a)(1)-(2) and 28 U.S.C. § 2461(c).

52.     Upon conviction of Count Four of this Superseding Indictment, Defendants **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon, PEDRO ALFONSO OSORIO-FLORES, a/k/a Smokey, JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece, ISAIAS ALVARADO, a/k/a Cabo, JOSE MANUEL ROMERO-PARADA, a/k/a Russo, DANIEL ALEXANDER DIAZ-ROMERO, a/k/a Manchas, and DENIS DONALDO FUENTES-AVILA,** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1)-(2), any property, real or personal, involved in such offense, and any property traceable to such property.

## FORFEITURE ALLEGATION E

53.     The allegations contained in Count Five of this Superseding Indictment being an illegal alien in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), are re-alleged and incorporated here by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

54.     Upon conviction of Count Five of this Superseding Indictment, Defendant **JOSE MARTIN NEFTALI AGUILAR-RIVERA, a/k/a Momia, a/k/a Pelon,** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any property, real or personal, involved in such offense, and any property traceable to such property, including but not

limited to the following ammunition:

- One round of .380 caliber "Tulammo 380 ACP" ammunition;

- One round of .380 caliber "R-P 380 Auto" ammunition;

- Eight rounds of 9mm "WIN 9mm Luger" ammunition; and

- Four rounds of .38 caliber "Federal 38 Special" ammunition.

## FORFEITURE ALLEGATION F

55.     The allegations contained in Count Six of this Superseding Indictment being an illegal alien in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), are re-alleged and incorporated here by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

56.     Upon conviction of Count Six of this Superseding Indictment, Defendant **JUAN JOSE JIMENEZ-MONTUFAR, a/k/a Chele Trece,** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to the following firearms and ammunition:

- One Browning Arms, Model 25, 6.35mm pistol, serial number 121498;

- One Kel-Tec, Model PF-9, 9mm pistol, serial number RVB81; and

- One Winchester, 12-guage shotgun, serial number 166220.

## SUBSTITUTE ASSETS

57.     If any of the property described above in Forfeiture Allegations A, B, C, D, E, or F, as a result of any act or omission of the defendants:

      a.     cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and/or 28 U.S.C. § 2461(c).

**A TRUE BILL.**

s/Foreperson
**FOREPERSON**

**BENJAMIN C. GLASSMAN**
**United States Attorney**

**BRIAN J. MARTINEZ (CA224587)**
**JESSICA H. KIM (0087831)**
**Assistant United States Attorneys**